IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT L. SPRINGS,

    Petitioner

v.

WARDEN RONNIE HOLT, *et al.*,

    Respondents

CIVIL NO. 4:CV-08-1696

(Judge Jones)

## MEMORANDUM

September 22, 2008

Petitioner Robert L. Springs, an inmate presently confined at the United States Penitentiary at Canaan ("USP Canaan") in Waymart, Pennsylvania, commenced this action by filing a Petition for Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. § 2241. The Petition currently is before the Court for screening. For the reasons that follow, the Petition will be dismissed without prejudice to Springs' right to pursue his claims in a properly filed civil rights action.

In his Petition, which is prepared on a Form Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, Springs states that he was sentenced on March 21, 1990 by the Superior Court of the District of Columbia to a term of imprisonment of eighteen years to life. (Doc. 1 at 3.) He states that his appeal to the District of Columbia Court of Appeals was denied in 1992. (*Id.*) Springs then raises claims of

denial of access to the courts and denial of adequate health and medical care and provides supporting facts. (*Id.* at 4.)

Springs' claims constitute challenges to the conditions of his confinement. The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the Constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Accordingly, Springs' Petition will be dismissed without prejudice to his right to pursue his claims in a properly filed civil rights action.[1]

An appropriate Order shall issue on today's date.

---

[1] The Court expresses no opinion as to the merits of any civil rights claim Petitioner may file based upon the facts asserted herein.

Moreover, Petitioner indicates that he has not presented the facts associated with his claims through the grievance process available at USP Canaan. (*See* Doc. 1 at 5.) Petitioner must exhaust his administrative remedies prior to filing a civil rights suit. *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir.2004). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prison conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's [Prison Litigation Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* Nevertheless, defendants must plead and prove failure to exhaust as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).